IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:25-CV-884-FDW

| | |
|---|---|
| JARIN M. WRAY,<br><br>   Plaintiff,<br><br>v.<br><br>47th TRUMP ADMINISTRATION, ET AL.,<br><br>   Defendants. | **WINRED'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SANCTIONS UNDER RULE 11** |

  Plaintiff Wray should be sanctioned under Federal Rule of Civil Procedure 11 because he filed a frivolous and nonsensical Complaint, which he has refused to voluntarily dismiss. Since July 2025, Wray has filed five nearly identical complaints multiple defendants raising nearly verbatim allegations similarly devoid of any legal or factual basis, some of which have already been dismissed in this district. Despite the court in one of those cases expressly stating that his (nearly identical) claims were "frivolous," "fantastical," and "delusional"—and receiving this motion 21 days ago—Wray has refused to comply with his Rule 11 obligation to dismiss the complaint.[1] He should be sanctioned with dismissal of the Complaint and ordered to pay WinRed's attorneys' fees.

### BOTTOM LINE UP FRONT

  Wray's Complaint should be dismissed and this Court should order Wray to pay WinRed's attorneys' fees because Wray has failed to withdraw his absurd, frivolous Complaint against WinRed, despite every opportunity and every indication that his Complaint was doomed before he filed it. Wray asserts in his Complaint that he is entitled to $50 million and various injunctive

---

[1] This motion was served on Wray on December 17, 2025, as required by Rule 11's 21-day safe cure period requirement. Fed. R. Civ. P. 11(c)(2).

1

relief under four federal criminal statutes and "China Owned/Shell Companies" because the 47th Trump Administration, the Trump Organization, the Republican National Committee ("RNC"), and WinRed, Inc. ("WinRed") "engaged in fraud schemes with China" against the interests of the United States. He fails to provide any details of these alleged fraud schemes or how they relate to WinRed. Wray has filed five near-duplicate complaints against a host of unrelated entities in this district since July 2025—often asserting federal criminal statutes as the basis for jurisdiction—and he threatens that more lawsuits are imminent. Three of these complaints have been dismissed with prejudice for lack of subject matter jurisdiction and failing to state a claim, and four motions to dismiss on the same grounds have recently been filed by Apple, Meta, and Amazon. *See* Dkts. 4, 7, 14, *Wray v. Apple Inc., et al.*, 3:35-cv-00874 (W.D.N.C. 2025).

Wray lacks standing to bring a civil suit against WinRed on the basis of federal criminal statutes, he alleges no concrete injury fairly traceable to WinRed, he seeks relief that either this Court is not empowered to order or that will not redress any supposed harm, and his inscrutable allegations state no claim upon which any relief can be granted. The purpose of Rule 11 sanctions is to deter the filing of baseless lawsuits in federal court, and there is no sign that Wray intends to stop filing baseless lawsuits anytime soon. This Court should therefore sanction Wray and order him to pay WinRed's attorneys' fees to deter the abuse of our justice system and the continued waste of the Court's limited resources. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 411 (1990); *In re Kunstler*, 914 F.2d 505, 515 (4th Cir. 1990); *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (1991); *Davis v. Infragard Nat'l Members All. Inc.*, 2021 WL 5449017, at *2 (W.D.N.C. Nov. 22, 2021).

## BACKGROUND

On July 29, 2025, Wray filed a lawsuit against RTX Corporation in Mecklenburg County Superior Court, bringing four claims under Title 18 of the United States Code, as well as claims

under the False Claims Act, Dodd-Frank Act, Sarbanes-Oxley Act, Foreign Corrupt Practices Act, International Traffic in Arms Regulations, and Export Administration Regulations.  On August 29, the suit was removed to federal court.  Notice of Removal, Dkt. 1, *Wray v. RTX Corp.*, 3:25-cv-00656 (W.D.N.C. Aug. 29, 2025).  On October 20, the Court dismissed all of Wray's claims, explaining that "the statutes do not contain private rights of action," and "even if these laws and regulations did contain private rights of action, Plaintiff's threadbare complaint has failed to state a claim under each one."  Order, Dkt. 20 at 4, *Wray v. RTX Corp.*, 3:25-cv-00656 (W.D.N.C. Oct. 20, 2025) ("*RTX Corporation* Order").  The Court dismissed Wray's claims under Title 18 with prejudice because "allowing leave to amend would be futile for most of Plaintiff's claims because those claims do not contain a private right of action that Plaintiff can assert pro se."  *Id.* at 6.

Despite Judge Cogburn making clear that these statutes did not afford a private right of action and that Wray's complaint failed to state a claim upon which relief can be granted, Wray filed four more complaints barely a week later.  *See Wray v. Universal Music Group, Inc., et al.*, 3:25-cv-866 (W.D.N.C. Oct. 29, 2025); *Wray v. MQMF Charlotte Southpark, LLC, et al.*, 3:25-cv-864 (W.D.N.C. Oct. 29, 2025); *Wray v. Apple, Inc., et al.*, 3:25-cv-8740 (W.D.N.C. Oct. 30, 2025); *Wray v. Tidal Music AS, et al.*, 3:25-cv-875 (W.D.N.C. Oct. 30, 2025).  Each complaint raised similar claims under Title 18 based on a purported fraud scheme to benefit China against a multitude of other defendants for their alleged business deadlines with China.

Two of these cases have since been dismissed for lack of standing and failure to state a claim, which makes sense because Wray's "allegations are fantastical and delusional."  *See* Order Dismissing Case as Frivolous, Dkt. 3, *Wray v. Universal Music Group, Inc., et al.*, No. 3:25-cv-866-MOC-SCR (W.D.N.C. Nov. 26, 2025) (Cogburn, J.) ("*Universal Music Group* Order") (sua sponte dismissing complaint with prejudice because "Plaintiff's allegations are fantastical and

3

delusional"); Order Dismissing Case, Dkt. 3, *Wray v. MQMF Charlotte Southpark, LLC, et al.*, No. 3:25-cv-864-MOC-SCR (W.D.N.C. Nov. 26, 2025) (Cogburn, J.) ("*MQMF Charlotte* Order") (Title 18 of the U.S. Code provides no private right of action).

Wray filed this case on November 3, 2025, less than a week after his complaint in *RTX Corporation* was dismissed. Here again, he repeats the same unsupported allegation that this latest batch of defendants "were engaged in fraud schemes with China." Compl. at 4. He again asserts these claims under federal criminal statutes that do not confer private causes of action—18 U.S.C. §§ 1014 (false statements), 1344 (bank fraud), 1031 (major fraud against the United States), and 1956 (laundering of monetary instruments). *Id.* at 1. Wray makes no specific or unique allegations about WinRed, but rather claims generally that (1) "the companies successfully executed business fraud schemes in China's interest against the U.S," (2) "[t]he American judiciary system failed to detect the fraud in real time," (3) "the schemes to [*sic*] link directly back to the White House," and (4) the "[r]oot cause is the business entity analysis was not complete for the RNC (GOP) to verify funds are American, not China linked." *Id.* at 4.

Wray seeks $50 million and a list of preposterous injunctive relief, such as "Expedited 2025 Case Review by The U.S. Supreme Court," "reinstatement of all terminated federal employees," articles of impeachment (presumably) against President Trump or his "immediate removal," a bar on running for public office (again, presumably against President Trump), and a bar on criminal prosecutions against him, and if necessary, a "Presidential pardon." *Id.* at 4–5.

Wray refers to his previous lawsuits against Universal Music Group, Live Nation, Roc Nation, Tesla, Apple, Amazon, and Meta as "related," and each complaint refers directly to the *RTX Corporation* case. *See, e.g.*, *id*. Wray also affirmatively threatens to continue filing related cases, with Pfizer, AstraZeneca, and Salesforce next on the list to be sued. *Id*.

This timeline illustrates that Wray knows his Complaint is deficient and that he lacks standing to bring his claims, yet he refuses to voluntarily dismiss his complaint. Most of his claims in *RTX Corporation* were dismissed with prejudice for lack of subject matter jurisdiction on October 20, 2025, meaning he knew his Complaint in this case—based on the same type of federal criminal statutes—was deficient and frivolous when he filed it almost two weeks later.

Even if he did not make the connection between Judge Cogburn's order in *RTX Corporation* and the deficiencies in the complaint at issue here, Wray was further obligated under Rule 11 to dismiss his suit against WinRed when Judge Cogburn granted motions to dismiss in *Universal Music Group* and *MQMF Charlotte Southpark* on November 26, 2025, for lack of standing and jurisdiction and for being "fantastical and delusional."

On December 17, 2025, WinRed filed its motion to dismiss, raising the deficiencies in Wray's Complaint. Dkt. 5. Despite being on ample notice that his Complaint is deficient, Wray refuses to dismiss his suit against WinRed.

## ARGUMENT

### I. WRAY'S COMPLAINT HAS NO BASIS IN FACT OR LAW

The fact that Wray filed these baseless claims without conducting basic factual and legal due diligence as required by Rule 11—and despite the dismissal of very similar claims in *RTX Corporation* nearly two weeks before filing in this case—warrants sanctions.

#### A. There Is No Factual Basis For Wray's Outlandish Claims

Sanctions are warranted because there is no evidentiary basis for the limited factual allegations asserted in the Complaint. Rule 11 requires Wray to certify that his claims have factual support. Fed. R. Civ. P 11(b) ("By presenting to the court a pleading, . . . whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the

5

best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . . . [that] the factual contentions have evidentiary support[.]").

Wray's allegations have no evidentiary basis. He merely makes conclusory statements that the parties "were engaged in fraud schemes with China" and "successfully executed business fraud schemes in China's interest against the U.S." Compl. at 4. He further states that "[t]he American judiciary failed to detect the fraud in real time," "the schemes to [*sic*] link directly back to the White House," and the "[r]oot cause is the business entity analysis was not complete for the RNC (GOP) to verify funds are American, not China linked." *Id.* But he lists no facts to support any of these claims, instead providing only unsupported conclusions divorced from reality.

If Wray had conducted basic due diligence, he would have learned that WinRed, Inc. is a political action committee registered with the Federal Election Commission that collects and distributes political campaign contributions made through the WinRed Technical Services, LLC donation platform. *See* WinRed, FAQs, *Where Does My Donation Go?*, https://support.winred.com/en/articles/3096290-where-does-my-donation-go. WinRed does not make contributions to campaigns or committees. *Id.* It acts only as a conduit and ensures that donations are securely processed and sent to the intended recipients. *Id.* WinRed is not associated with any specific political candidate or campaign and is widely used by millions of citizens to support local, state, and federal political candidates. As a PAC registered with the FEC, WinRed operates only in the United States and has no business dealings in or with China.

Wray's lack of due diligence is sanctionable under Rule 11. "The language of Rule 11 requires. . . a reasonable investigation of the factual and legal basis for his claim before filing. The prefiling investigation must appear objectively reasonable." *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (1991) (affirming sanctions imposed for filing frivolous claims). "[W]here there

6

is *no* factual basis for a plaintiff's allegations, the complaint violates Rule 11's factual inquiry requirement." *Id.* Wray provided zero evidentiary or factual support for his Complaint and general allegation that WinRed "w[as] engaged in fraud schemes with China." Compl. at 4. And he was aware that his Complaint is factually deficient—Judge Cogburn made that clear when dismissing Wray's complaint in *RTX Corporation*. *RTX Corporation* Order at 4 ("[E]ven if these laws and regulations did contain private rights of action, Plaintiff's threadbare complaint has failed to state a claim under each one.")

> **B.** **Wray's Claims Are Not Supported By Existing Law**

Sanctions are also warranted because Wray's claims are not "warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). As part of his duties under Rule 11, Wray was required to conduct a "prefiling investigation" into whether there is "some basis in law to support the claims in the complaint." *Brubaker*, 943 F.2d at 1373. "A prefiling investigation of the law will not pass muster under Rule 11 where the complaint has 'absolutely no chance of success under the existing precedent.'" *Id.* (quoting *Cleveland Demolition Co. v. Azcon Scrap Corp., a Div. of Gold Fields Am. Indus.,* 827 F.2d 984, 988 (4th Cir. 1987)).

Wray's Complaint has "absolutely no chance of success" because an individual cannot bring a claim based on a statute that does not confer a private right of action. *See, e.g., Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."); *Henderson v. Haynes*, 2024 WL 1184724, at *2 (W.D.N.C. Mar. 19, 2024) (plaintiff lacked standing to bring criminal charges because federal criminal statutes "provide no private cause of action"); *Robertson v. Foster*, 2017 WL 1104664, at *6 (D. Md. Mar. 23, 2017) (collecting cases) ("It is well established that there is no private right of action to pursue claims under federal criminal statutes"). Not only did Wray fail to conduct a reasonable pre-filing inquiry

7

into whether there was legal support for his claims, he also intentionally filed a Complaint that he knew was not "warranted by existing law."

Making matters worse, a judge in this very district expressly told Wray that 18 U.S.C. § 1956 had no private cause of action *before* he filed this Complaint. *See RTX Corporation* Order at 4. Judge Cogburn's order likewise explained that most of Wray's other claims could not stand because the statutes provided no private right of action, strongly suggesting Wray was on notice that he needed to investigate whether a federal criminal statute carried a private right of action. *See id*. By filing a nearly identical Complaint anyway, Wray brazenly disregarded earlier judicial warnings, violated Rule 11, and opened himself to sanctions. *See Cleveland Demolition Co.,* 827 F.2d at 988 (affirming lower court's imposition of sanctions in part because "a quick reading of *Great Coastal* would have revealed that Cleveland's complaint had absolutely no chance of success under the existing precedent"); *Philips v. Pitt Cnty. Mem'l Hosp.*, 2024 WL 4177923, at *6 (E.D.N.C. Sept. 12, 2024), *aff'd*, WL 3252318 (4th Cir. Nov. 21, 2025) (imposing sanctions in part because "plaintiff was not deterred by a thorough order from another judge of this court holding that plaintiff's claims failed as a matter of law").

Wray cannot contend that his earlier complaints were separate, and therefore their dismissals were insufficient to put him on notice of the deficiencies in the current Complaint, because Wray himself refers directly to the *RTX Corporation* case in each of his complaints. *See, e.g.*, Compl. at 4. There is a clear thread running through each case showing that Wray considers them to share a common grievance. This fact is made all the more clear by his open threat in *this* case to next bring claims against three unrelated parties—Pfizer, AstraZeneca, and Salesforce—presumably on the same improper grounds.

Finally, much of the relief Wray seeks is inappropriate. Among other things, Wray requests "Expedited 2025 Case Review by The U.S. Supreme Court," "Immediate payment of $50M and reinstatement of all terminated federal employees," "Articles of Impeachment and/or immediate removal from Presidential office," and either an injunction barring criminal prosecution related to this case or a "Presidential pardon without objection." *Id*. at 4–5. As explained in WinRed's Motion to Dismiss, such relief is either beyond this Court's power to provide or unrelated to any of the allegations in the complaint. Dkt. 6 at 7–8. And even allowing Wray the benefit of the doubt that he was not aware that the relief requested is not supported by existing law, this fact was certainly made clear to him when a copy of this motion was served on him 21 days ago. Yet Wray continues to pursue these claims. Sanctions are warranted.

## II. WRAY HAS ACTUAL KNOWLEDGE THAT HIS COMPLAINT IS FRIVOLOUS

Wray knew his Complaint did not comply with Rule 11 when he filed it. As part of his form Complaint, Wray was explicitly required to attest that:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Compl. at 5. Three of Wray's nearly identical lawsuits filed in this district have already been dismissed for lack of standing and failing to state a claim, including one before this Complaint was filed. *See RTX Corporation* Order (Oct. 20, 2025), *Universal Music Group* Order (Nov. 26, 2025), *MSQF Charlotte* Order (Nov. 26, 2025). Thus, Wray had actual knowledge when he filed the WinRed Complaint that his claims were not "support[ed] by existing law." Yet Wray decided to file a new Complaint anyway, forcing WinRed to hire counsel and engage in motions practice and

9

for the Court to waste its limited resources adjudicating this matter. Sanctions are warranted under Rule 11 in such cases. *See, e.g., Lee v. Mullen*, 1999 WL 1529609, at *5 (W.D.N.C. Dec. 13, 1999) (finding plaintiffs violated Rule 11 by "persist[ing] in arguments which they clearly knew had been rejected and were meritless).

### III. WRAY'S PRO SE STATUS DOES NOT EXCUSE HIM

Wray's *pro se* status does not excuse his behavior. *See Davis v. Infragard Nat'l Members All. Inc.*, 2021 WL 5449017, at *2 (W.D.N.C. Nov. 22, 2021) ("While pro se pleadings and filings are granted a degree of indulgence not extended to lawyers when a court considers the imposition of Rule 11 sanctions, pro se litigants must still abide by Rule 11, and they may be sanctioned for its violation."); *Makau v. Meyer*, 2018 WL 5919741, at *1 (M.D.N.C. Nov. 13, 2018), *aff'd*, 764 F. App'x 292 (4th Cir. 2019) (quoting *Zaczek v. Fauquier Cty., Va.*, 764 F.Supp. 1071, 1077 (E.D. Va. 1991)) ("A violation of Rule 11 is subject to sanctions, and 'pro se litigants are subject to any and all appropriate sanctions for their misconduct.' This includes pro se litigants who file frivolous or repetitive lawsuits."). Because Wray has filed multiple frivolous lawsuits in this district with no factual support, he should be sanctioned.

### IV. WRAY MUST BE DETERRED FROM CONTINUING TO FILE BASELESS COMPLAINTS AND WINRED SHOULD BE COMPENSATED FOR HIS RULE 11 VIOLATIONS

Wray has filed multiple baseless complaints in this district alleging nearly identical claims and has affirmatively stated that he will do it again. *See* Compl. at 4 ("Next lawsuit will include Pfizer, AstraZen[e]ca, and Salesforce, all China."). He must be stopped, and sanctions are the appropriate way to do so. The primary purpose of Rule 11 sanctions is to deter plaintiffs from filing baseless and frivolous lawsuits in federal court. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 411 (1990) (Breyer, J. concurring) ("The prosecution of baseless lawsuits and the filing of frivolous papers are matters of legitimate concern to the federal courts and are abuses that Rule

10

11 was designed to deter."); *Id.* at 398 ("Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay."). Ordering sanctions here will deter Wray from future frivolous litigation.

In addition, WinRed should be compensated for the attorneys' fees it has been forced to incur to respond to Wray's complaint. *See In re Kunstler*, 914 F.2d at 522 ("[I]t is clear that the primary, or 'first' purpose of Rule 11 is to deter future litigation abuse," but "[a] district court can and should bear in mind that other purposes of the rule include compensating the victims of the Rule 11 violation."). Despite clear judicial warnings that claims like his could not survive, Wray chose to file this Complaint anyway. Despite dismissals in several other nearly identical cases with a common grievance and a 21-day opportunity to cure his Rule 11 violations and withdraw his Complaint, Wray has chosen not to do so. As part of its sanctions order, this Court should order Wray to pay WinRed's attorneys' fees for responding to his Complaint.

## CONCLUSION

Wray should be sanctioned with the dismissal of his Complaint and an award of attorneys' fees to WinRed.

Respectfully submitted,

*/s/ Patrick A. Doerr*

Patrick A. Doerr
NC Bar No. 50673
WINSTON & STRAWN LLP
300 S Tryon St #1600
Charlotte, NC 28202
T: 1-704-350-7700
F: 1 704-350-7800
PDoerr@winston.com

*Counsel for Defendant WinRed, Inc.*

## CERTIFICATE OF WORD COUNT

Pursuant to the Court's Standing Order Governing Civil Case Management, the undersigned counsel hereby certifies, subject to Rule 11, that this Memorandum of Law complies with the Court's 4,500-word limitation for memoranda submitted in support of preliminary motions.

Dated: January 8, 2026

*/s/ Patrick A. Doerr*
Patrick A. Doerr
NC Bar No. 50673

# CERTIFICATE OF COMPLIANCE WITH COURT ORDER AS TO USE OF ARTIFICIAL INTELLIGENCE

I hereby certify that the foregoing document complies with the Order issued by the Court on June 18, 2024, as to the use of artificial intelligence (AI) in briefs or memorandums as follows:

1. No artificial intelligence was employed in doing research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard legal research sources WestLaw, Lexis, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case as to the accuracy of the proposition for which it is offered, and the citation to the authority provided.

Dated: January 8, 2026

/s/ *Patrick A. Doerr*
Patrick A. Doerr
NC Bar No. 50673

# CERTIFICATE OF SERVICE

I certify that on January 8, 2026, I electronically filed the foregoing Memorandum of Law in Support of WinRed's Motion for Sanctions with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered parties. I further certify that I served the foregoing on Plaintiff via First Class mail and electronic mail at the below address:

Jarin M. Wray
4401 Barclay Downs Dr.
Unit 613
Charlotte, NC 29209
Jarin.m.wray@gmail.com
Pro Se Plaintiff

Dated: January 8, 2026

/s/ Patrick A. Doerr
Patrick A. Doerr
NC Bar No. 50673